Saks and Company, Trading as Saks-Fifth Avenue, Appellee, v. Harry P. Brown and Mrs. Harry P. Brown, also Known as Dorothy S. Brown, Defendants. On Appeal of Harry P. Brown, Appellant.

Gen. No. 45,758.

 Opinion
filed June 9, 1952. Released for publication June 30, 1952.

YAFFE & YAFFE, of Chicago, for appellant.

MARSHALL & MARSHALL, of Chicago, for appellee; FRANK G. MARSHALL, and CHARLES D. STEIN, both of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendant Harry P. Brown appeals from a judgment for $9,150 entered against him by the court on the motion of plaintiff for judgment in accordance with the special findings of the jury and for judgment notwithstanding the verdict, in plaintiff's action against defendant Brown and Dorothy S. Brown, his wife, for the price of a silver blue mink coat sold and delivered to the wife on October 5, 1948.

The case was tried on an amended statement of claim of four counts. Counts 1 and 2 respectively are based on the liability of the husband under the statute (sec. 15, chap. 68, Ill. Rev. Stat.) [Jones Ill. Stats. Ann. 64.15] for family expenses, and his liability under the common law for necessaries. Count 3 charges that Brown "maintained a charge account with plaintiff and represented to plaintiff, directly and impliedly, by letters and by course of conduct, that Dorothy S. Brown was his duly authorized agent to buy merchandise on his account"; that relying on said representations the mink coat was sold and delivered to Dorothy S. Brown at the agreed price of $9,150, including federal and state taxes, to be paid by Brown. Count 4 charges that Brown, with knowledge of the purchase, acquiesced in and ratified the same by his failure to return the coat within a reasonable time and by making payments on other purchases by Dorothy S. Brown in October 1948.

We need consider only the claim of plaintiff under Count 3. By his answer Brown admits that he maintained a charge account with plaintiff, "but Dorothy S. Brown had no authority to make purchases for any one item, the charge for which would exceed $1000.00, and of this plaintiff was orally advised." He denies that plaintiff, relying on the alleged representations of the authority of Dorothy S. Brown to buy on the account, sold and delivered the mink coat to her. By his answer Brown admits the authority of his wife to buy on the account, but attempts to limit that authority to the purchase of a single item not to exceed $1,000. He did not testify and there is no testimony tending to prove any limitation on the authority of Dorothy S. Brown to make purchases on the account. Several employees of plaintiff expressly deny any notice of such limitation. In answering certain interrogatories, the jury found (a) that Brown never notified plaintiff that his wife was not authorized to make purchases of any item in excess of $1,000; (b) that on October 5, 1948 defendant Dorothy S. Brown bought the mink coat from plaintiff; (c) that defendant Dorothy S. Brown kept the mink coat in her possession an unreasonable length of time after the date of the sale. By the general verdict Brown was found not guilty, the issues were found against the defendant Dorothy S. Brown and plaintiff's damages assessed at $9,150. Plaintiff moved for judgment against Brown in accordance with the special findings of the jury. It also moved for judgment against him notwithstanding the verdict of the jury. These motions were granted and judgment entered by the court, finding the issues against Brown and assessing plaintiff's damages at $9,150. Only Brown appeals.

■■ The evidence further shows that Brown's charge account with plaintiff existed for several years. At all times Dorothy S. Brown made purchases and

the bills thus incurred were paid by Brown, with the exception of the mink coat involved herein. For a short time in April and May 1947 the account was closed because Brown advised plaintiff that he would "not be responsible for any purchases made by anyone other than by himself." On May 21, 1947 this notice was revoked, plaintiff being advised in writing that Brown "is rescinding that notice, and you are respectfully requested to make your records read accordingly." On November 19, 1948 the account was finally closed at Brown's request because of the controversy as to the mink coat which his wife had purchased during a period when the husband and wife were temporarily living apart. The finding of the jury in answering the special interrogatory as to the authority of Dorothy S. Brown to make purchases is a finding of an ultimate fact decisive of the claim alleged in Count 3. The verdict of not guilty as to Brown is inconsistent with this finding. There being no evidence to support the defense of limited authority of the wife and no dispute in the testimony as to the sale and delivery of the coat to her, the court properly granted plaintiff's motions and entered the judgment appealed from. No authority need be cited to support the proposition that a person having a charge account is liable for all purchases made by those authorized to buy on the account prior to a cancellation or withdrawal of the authority.

The judgment is affirmed.

*Affirmed.*

BURKE, P. J. and FRIEND, J., concur.